UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTOPHER FRISON,

        Plaintiff,

   v.

JOSHUA ALLEN JONES,

        Defendant.

Case No. 21-CV-01618-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Christopher Frison brings this action against defendant Joshua Allen Jones, alleging a single claim of assault under Oregon law. *See* First Am. Compl., Ex. 2 at 11, Not. Removal, ECF 1-2. On November 5, 2021, the Chief of the Civil Division of the United States Attorney's Office for the District of Oregon, acting pursuant to delegated authority, certified that defendant "was acting within the scope of his employment at the time of the incident out of which" plaintiff's lawsuit arose, and removed plaintiff's suit to this court. *See* Certification Pursuant to 28 U.S.C. § 2679(d) at ¶¶ 1-2, ECF 1-1 (hereinafter "Westfall Certification").

    Plaintiff moves to strike the Westfall Certification, arguing that "the certificate does not appear to comply with 28 U.S.C. § 1746" and that "the certificate contains no facts to explain how [defendant] was possibly working within the scope of his employment at the time of the

1 – OPINION AND ORDER

extraordinary incident giving rise to plaintiff's complaint." Mot. 2, ECF 7. Defendant alleges in response that certification is appropriate and moves to substitute the United States as a party pursuant to the Westfall Act. Opp., ECF 9. For the reasons stated herein, plaintiff's motion (ECF 7) is DENIED, and defendant's motion (ECF 9, 9-1) to substitute the United States as a party in place of the current defendant is GRANTED.

I.      **Legal Standard**

"Under the Federal Employees Liability Reform and Tort Compensation Act, known as the Westfall Act, a federal employee is immune from suit upon certification of the Attorney General that the employee was acting within the scope of his employment." *Pauly v. U.S. Dep't of Agri.*, 348 F.3d 1143, 1150 (9th Cir. 2003) (citing 28 U.S.C. § 2679(d)(1)). Certification "conclusively establish[es] scope of office or employment for purposes of removal," 28 U.S.C. § 2679(d)(2) (emphasis added), and "[u]pon certification, the government employee is dismissed from the suit, and is immune from other civil actions arising from the alleged tort." *Kashin v. Kent*, 457 F.3d 1033, 1036-37 (9th Cir. 2006) (citing 28 U.S.C. § 2679(d)).

Plaintiffs are permitted to challenge a scope of employment certification, and such a certification is subject to *de novo* review. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 423-25 (1995); *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (citing *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991)). While certification "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee," it is considered "prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged." *Lamagno*, 515 U.S. at 434; *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). Crucially, "[t]he party seeking review of the certification bears the burden of presenting evidence and

disproving the Attorney General's decision regarding the certification by a preponderance of the evidence." *Perth v. United States*, No. CIV. 11-361-HA, 2011 WL 1898162, at *2 (D. Or. May 16, 2011) (citing *Green*, 8 F.3d at 698).

## II.   Analysis

Plaintiff first argues that the Westfall Certification should be stricken because it "does not appear to comply with 28 [U.S.C.] § 1746." Mot. 2, ECF 7. That statute provides:

> Wherever, under any law of the United States . . . any matter is required or permitted to be supported, evidenced, established, or proved by [a] *sworn* declaration, verification, certificate, statement, oath, or affidavit . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
> (Signature)".

28 U.S.C. § 1746 (emphasis added).

To begin, 28 U.S.C. § 2679 does not state that the Attorney General must provide a *sworn* certification; the statute requires that substitution shall be made merely "upon certification by the Attorney General." A certification does not necessarily have to be sworn. *See Certification*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/certification (last visited May 6, 2022) ("the act of certifying : the state of being certified"); *Certify*, *id*., https://www.merriam-webster.com/dictionary/certify (last visited May 6, 2022) ("1 : to attest authoritatively: such as a : confirm[,] b : to present in formal communication[,] c : to attest as being true or as represented or as meeting a standard").

Moreover, nothing in the statute plaintiff cites, 28 U.S.C. § 1746, requires that a certification made pursuant to 28 U.S.C. § 2679 must be sworn. Rather, 28 U.S.C. § 1746

3 – OPINION AND ORDER

provides only that in instances when certain sworn documents are required or permitted, they "may, with like force and effect, be supported" with unsworn documents as long as they contain certain language.

Plaintiff also alleges that the Westfall Certification is deficient because "it contains no facts to explain how [defendant] was possibly working within the scope of his employment." Mot. 2, ECF 7.  However, the certification itself is "prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident," and "[t]he *party seeking review of the certification bears the burden of presenting evidence* and disproving the Attorney General's decision." *Billings*, 57 F.3d at 800 (emphasis added)*, see also Maron v. United States*, 126 F.3d 317, 323 (4th Cir. 1997) ([t]he certification satisfies the government's prima facie burden but does not carry any evidentiary weight unless it details and explains the bases for its conclusions"); *Perth*, 2011 WL 1898162 at *2 (emphasis added).  At this time, plaintiff offers no evidence to dislodge the Attorney General's certification, although it appears he may intend to proffer some after conducting discovery.  *See* Mot. 2, ECF 7 (noting that plaintiff intends to perform discovery on the scope of employment issue after defendant files an answer).[1]  Until plaintiff presents evidence that, by a preponderance of the evidence, disproves the Attorney General's certification, it remains in effect.

---

[1] Additionally, plaintiff's submissions are insufficient for the court to call for an evidentiary hearing now to resolve a scope of employment dispute related to the Westfall Act.  While the Ninth Circuit favors the use of evidentiary hearings to resolve such disputes, *see Arthur v. U.S. By & Through Veterans Admin*., 45 F.3d 292, 296 (9th Cir. 1995), plaintiff must first allege sufficient facts that, if taken as true, demonstrate that defendant was acting outside the scope of this employment.  *See Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017).  Because plaintiff has alleged no facts at this time, instead contending only that the certification itself is deficient, an evidentiary hearing is not yet warranted.

4 – OPINION AND ORDER

"Upon certification by the Attorney General . . . any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States, . . . *and the United States shall be substituted as the party defendant*." 28 U.S.C. § 2679(d)(1) (emphasis added).  In the absence of a cognizable challenge to the Westfall Certification, substitution of the United States in place of the current defendant is appropriate.[2]

**ORDER**

For the reasons stated above, plaintiff's Motion to Strike Certification (ECF 7) is DENIED.  The United States is substituted as the defendant in the above captioned case in place of Joshua Allen Jones.  The caption of this action shall be amended to reflect this change.

DATED  May 6, 2022.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

---

[2] This certification does not foreclose the possibility of a future evidentiary hearing to challenge the Attorney General's certification. *See, e.g.*, *Perth*, 2011 WL 1898162, at *3 (ordering a post-certification evidentiary hearing after plaintiff presented evidence suggesting that an officer was not working within the scope of his employment).

5 – OPINION AND ORDER