**NATALIE K. WIGHT, OSB #035576**
United States Attorney
**JOSHUA KELLER, NYSB #4297396**
Assistant United States Attorney
United States Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Email: Joshua.Keller@usdoj.gov
Phone: 503.727.1011
    Attorneys for Defendant United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTOPHER FRISON**, | Case No. 3:21-cv-01618-YY |
| Plaintiff, | **ANSWER TO AMENDED COMPLAINT** |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

Defendant, United States of America ("Defendant"), by Natalie K. Wight, United States Attorney for the District of Oregon, through Assistant U.S. Attorney Joshua Keller, answers Plaintiff Christopher Frison's ("Plaintiff") Amended Complaint dated December 21, 2022 (Dkt. 18) in like-numbered paragraphs as follows. Defendant denies all allegations not

Page 1 - Answer to Amended Complaint

specifically admitted, except to the extent those allegations contain conclusions of law, as no response is required. Section headings and any specific language included from the Amended Complaint are included for convenience only and do not constitute admissions.

## FACTUAL ALLEGATIONS

1. Defendant denies that U.S. Customs and Border Protection Agent Joshua Allan Jones ("BPA Jones") pointed a semiautomatic handgun at Plaintiff's chest on July 27, 2020, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

2. Defendant admits that, on July 27, 2020, BPA Jones occupied room 428 ("Hotel Room") at the Residence Inn by Marriott at 1250 N. Anchor Way in Portland, Oregon, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

3. With respect to the first sentence of Paragraph 3, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. With respect to the second sentence of Paragraph 3, Defendant admits that, on July 27, 2020, there was a knock on his Hotel Room door, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. With respect to the third sentence of Paragraph 3, Defendant denies. With respect to the fourth sentence of Paragraph 3,

**Page 2 - Answer to Amended Complaint**

Defendant denies that Plaintiff put his hands in the air, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. With respect to the fifth sentence of Paragraph 3, Defendant denies BPA Jones raised his firearm to Plaintiff and admits that BPA Jones invited Plaintiff into his Hotel Room. With respect to the sixth sentence of Paragraph 3, Defendant admits that Plaintiff handed BPA Jones a plunger and walked away, denies that Plaintiff entered the Hotel Room, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

4. With respect to the first sentence of Paragraph 4, Defendant admits that, when BPA Jones opened the Hotel Room door to Plaintiff on July 27, 2020 BPA Jones was not traveling to a location outside the Hotel Room, the Hotel Room was occupied by BPA Jones, BPA Jones was wearing civilian clothing; Defendant denies any allegations concerning alcohol to the extent those allegations mischaracterize or misstate applicable policies, guidelines, procedures, directives, regulations, statutes or other authorities; Defendant respectfully refers to BPA Jones's deposition testimony referenced in Paragraph 4 for a complete and accurate representation of its content and denies any characterizations inconsistent therewith; and Defendant denies all remaining allegations not specifically admitted, except to the extent those

**Page  3  -   Answer to Amended Complaint**

allegations contain conclusions of law, as no response is required; to the extent a response is required, Defendant denies. With respect to the second sentence of Paragraph 4, Defendant admits that, on November 10, 2020, it received a Standard Form-95 Claim for Damage, Injury or Death from Plaintiff and respectfully refers to the referenced claim form for a complete and accurate representation of its content and denies any characterizations inconsistent therewith; Defendant admits that, by letter dated May 4, 2021, Defendant denied Plaintiff's claim and respectfully refers to that letter for a complete and accurate representation of its content and denies any characterizations inconsistent therewith; and, with respect to the remaining allegations, no response is required insofar as they contain conclusions of law; to the extent a response is required, Defendant denies.

## CLAIM FOR RELIEF

5. With respect to the first sentence of Paragraph 5, Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff has extreme emotional distress and, as to the remaining allegations, denies. With respect to the second sentence of Paragraph 5, Defendant denies that Plaintiff is entitled to any compensation as result of this lawsuit and denies that Plaintiff is entitled to a jury trial.

6. Defendant denies that Plaintiff is entitled to a jury trial.

**Page 4 - Answer to Amended Complaint**

7. Plaintiff's "PRAYER FOR RELIEF" clause does not require a response; to the extent a response is required, Defendant denies Plaintiff is entitled to any relief in this case.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The damages and harm alleged by Plaintiff were not proximately caused by an agent or employee of the United States.

3. Plaintiff is not entitled to a jury trial on his claim against the United States.

4. Plaintiff's claim is barred insofar as Plaintiff failed to timely exhaust his administrative remedies, comply with the statute of limitations, or comply with other deadlines under the Federal Torts Claim Act ("FTCA"), including 28 U.S.C. § 2401(b).

5. Plaintiff's recovery, if any, is limited by the provisions of the FTCA.

6. Plaintiff failed to mitigate his any damages.

7. The United States hereby reserves the right to plead all other affirmative defenses or any applicable state and federal statutes which through discovery it learns may be applicable.

WHEREFORE, having fully answered all counts of the Amended Complaint, Defendant prays that Plaintiff take nothing by way of his Amended Complaint, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Dated this 25th day of January 2023.

**NATALIE K. WIGHT**
United States Attorney
District of Oregon

*/s/ Joshua Keller*
**JOSHUA KELLER**
Assistant U.S. Attorney
Attorney for the United States